UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **TOTALENERGIES GAS & POWER NORTH AMERICA, INC., et al.**, *Plaintiffs*, v. **FEDERAL ENERGY REGULATORY COMMISSION, et al.**, *Defendants*. | Case No. 4:22-cv-4318 Hon. Drew B. Tipton |

### DEFENDANTS' MOTION TO LIFT STAY TO DECIDE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

On March 10, 2023, the Court stayed and administratively closed this case pending the Supreme Court's decisions in *Axon Enterprise, Inc. v. FTC*, No. 21-86, and *SEC v. Cochran*, No. 21-1239. *See* Order, ECF No. 52. The Supreme Court has issued its consolidated decision in those cases, *see Axon Enter., Inc. v. FTC*, 143 S. Ct. 890 (2023), providing guidance on when statutory review schemes, like those in the Natural Gas Act (NGA), "preclude a district court from entertaining" certain claims, *id.* at 897. Thus, the Court's "reason[] for imposing the stay no longer exist[s]." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003). Plaintiffs cannot justify continuing to stay this matter further and, in fact, recently "invite[d] [the] Court to resolve their preliminary-injunction motion now." Pls.' Supp. Reply at 10, ECF No. 64 (July 24, 2023). The stay of the litigation should accordingly be dissolved, and Plaintiffs' fully briefed motion for a preliminary injunction should be decided.

1

## BACKGROUND

Plaintiffs filed this lawsuit on December 13, 2022 and, three days later, moved for a preliminary injunction based on four claims: (1) denial of the right to a jury trial in violation of Article III and the Seventh Amendment; (2) violation of the Appointments Clause; (3) violation of the removal power; and (4) violation of the nondelegation doctrine, *see* Mot. for Prelim. Inj. at 7-8, ECF No. 23 (Dec. 16, 2022); Compl. ¶¶ 217-40, ECF No. 1 (Dec. 13, 2022) (Counts 1 to 4). In opposing this motion, Defendants contended that (1) by creating a specific statutory review mechanism in the NGA, Congress removed district-court jurisdiction over Plaintiffs' claims, *see* Opp. to Mot. for Prelim. Inj. at 19-28, ECF No. 37 (Feb. 6, 2023); (2) Plaintiffs' claims were not ripe, *see id.* at 10-14; (3) even if Plaintiffs' Article II claims were ripe, they failed on the merits, *see id.* at 14; and (4) Plaintiffs had not established they would suffer irreparable harm absent the requested injunction, *see id.* at 15-19.

When Plaintiffs filed their motion, the Supreme Court had granted certiorari and heard argument in *Axon* and *Cochran*. These cases presented the question whether the statutory review schemes that apply to the Federal Trade Commission (FTC) and Securities and Exchange Commission's (SEC) decisions precluded district-court jurisdiction over the plaintiffs' removal-power and due-process claims. *Axon*, 143 S. Ct. at 898-99. Plaintiffs relied heavily on the underlying Fifth Circuit decision in *Cochran v. SEC*, 20 F.4th 194 (5th Cir. 2021) (en banc), in their efforts to establish the Court's jurisdiction and the ripeness of their claims. *See* ECF No. 23 at 21-24. Defendants noted that the District Court for the Northern District of Texas had stayed similar litigation in

*Rover Pipeline, LLC v. FERC*, No. 22-cv-232, ECF No. 34 (N.D. Tex. May 24, 2022), pending the Supreme Court's decision in *Axon*, and suggested that, if the Court were not inclined to deny the motion based on Defendants' other arguments (numbers two through four above), it might be appropriate to await the Supreme Court's decision in *Axon*. *See* ECF No. 37 at 2-3 n.1, 20. Plaintiffs contended that a stay of administrative proceedings must accompany any stay of litigation. Reply in Supp. Mot. for Prelim. Inj. at 1, 30, ECF No. 39 (Feb. 13, 2023). The Court held a hearing on March 6 and stayed this case and, "despite Defendants' jurisdictional and justiciability objections," the administrative proceedings "without prejudice to [them] being reopened upon a motion by any party or to enter a judgment." ECF No. 52 at 1-2.

On April 14, 2023, the Supreme Court decided *Axon*, holding that the statutory review schemes applicable to the FTC and the SEC decisions did not strip the district courts of jurisdiction over the plaintiffs' specific removal-power and due-process claims. 143 S. Ct. at 897. Defendants informed the Court of the Supreme Court's decision and requested an opportunity to submit supplemental briefing. Mot. for Leave to Submit Supp. Briefing, ECF No. 54 (May 23, 2023). The parties completed this supplemental briefing on July 24. *See, e.g.*, ECF Nos. 62-65. Two days later, the Court requested that the parties brief a motion to lift the stay of litigation to decide Plaintiffs' pending motion for a preliminary injunction.

## LEGAL STANDARD

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). A stay is "an

exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009). Whether a stay is appropriate turns on "four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Id.* at 434. Among these factors, the first two are the "most critical." *Id.*

"Logically, the same court that imposes a stay of litigation has the inherent power and discretion to lift the stay," and "[w]hen circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay *sua sponte* or upon motion." *Marsh*, 263 F. Supp. 2d at 52; *see UNM Rainforest Innovations v. D-Link Corp.*, 2023 WL 2706748, at *2 (W.D. Tex. Mar. 29, 2023) (lifting stay when other litigation ended); *Agis Software Dev. LLC v. Google LLC*, 2022 WL 538967, at *1 (E.D. Tex. Jan. 28, 2022). When such a motion is opposed, the party seeking "continuation of a stay … bears the burden of showing his entitlement to a stay" under the *Nken* factors. *Latta v. Otter*, 771 F.3d 496, 498 (2014); *accord Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 557 F. Supp. 3d 1, 6-7 (D.D.C. 2021).

## SUMMARY OF ARGUMENT

The Court's stay of proceedings in this case should be dissolved for the purpose of deciding Plaintiffs' motion for a preliminary injunction. Now that the Supreme Court has decided *Axon*, the Court's original reason for staying proceedings no longer applies. Further, Plaintiffs cannot carry their burden of showing that a continued stay is justified.

4

They will not suffer irreparable harm if the Court considers their motion for extraordinary relief, whereas Defendants will continue to suffer harm if they are enjoined without Plaintiffs satisfying their burden of showing an injunction is appropriate. Moreover, as Defendants have already shown, Plaintiffs are unlikely to succeed on the merits of the claims raised in the motion, and their overstated claims of judicial economy cannot justify further departures from regular procedure.

## ARGUMENT

### I. The Basis For The Court's Stay No Longer Exists

The Court's original basis for staying this litigation no longer exists. The stay should thus be dissolved.

In March, the Court stayed this litigation pending the Supreme Court's decision in *Axon* and *Cochran*, which concerned issues presented by Plaintiffs' motion for a preliminary injunction. Order, ECF No. 52. The Supreme Court has now decided those cases and provided its guidance. *See Axon*, 143 S. Ct. 890. The parties have fully briefed *Axon*'s implications for the pending motion for a preliminary injunction. *See* ECF Nos. 62-65. Because "the circumstances that persuaded the [C]ourt to impose the stay in the first place have changed significantly," *Agis Software*, 2022 WL 538967, at *1, the Court has discretion to lift the stay *sua sponte*. At a minimum, it should grant this motion, reopen the case, and decide Plaintiffs' pending request for extraordinary relief.

Courts routinely restart litigation that had been paused pending a forthcoming event once that event occurs. *See, e.g.*, *UNM Rainforest*, 2023 WL 2706748, at *2-3 (granting opposed motion to lift stay, in part, because claims in another pending case were

5

dismissed); *Mo. State Conf. of NAACP v. Ferguson-Florissant Sch. Dist.*, 2018 WL 4932537, at *1-2 (E.D. Mo. Oct. 11, 2018) (granting opposed motion to lift stay when appellate proceedings concluded); *Rhoden v. Mayberg*, 2013 WL 4517793, at *1 (E.D. Cal. Aug. 26, 2013) (lifting stay *sua sponte* upon conclusion of state proceedings); *Marsh*, 263 F. Supp. 2d at 52 (collecting other cases). This Court should too.

## II. Plaintiffs Cannot Establish That They Are Entitled To A Further Stay

Even if the Supreme Court deciding *Axon* were not enough on its own to lift the stay (and it is), Plaintiffs cannot carry their burden of establishing that they are entitled to a further delay before the Court considers their motion for a preliminary injunction. Defendants are not presently asking the Court to lift the stay of administrative proceedings even though that stay harms the government's interests, *see* Defs.' Supp. Br. at 14-15, ECF No. 63 (July 14, 2023) (citing *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers)). Without waiving their right to ask the Court to lift the stay of administrative proceedings if necessary in the future, Defendants recognize the need for orderly proceedings in this matter, and the Court's prompt denial of Plaintiffs' motion for a preliminary injunction would protect Defendants' interests sufficiently in this instance. But Plaintiffs cannot justify maintaining that administrative stay without the Court considering Plaintiffs' motion.

First, Plaintiffs will not be irreparably harmed if the Court decides their motion for a preliminary injunction while the administrative proceedings remain stayed. When Plaintiffs filed suit, the Federal Energy Regulatory Commission was free to conduct the challenged administrative proceedings. Plaintiffs sought an injunction to halt those

6

proceedings, and they bear the burden of establishing that they are entitled to that extraordinary relief, *see Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). This litigation and the administrative proceedings (over Defendants' objections, *see* ECF No. 52 at 1) were paused before the Court made any determination on the merits of Plaintiffs' motion. Lifting the stay would return the parties to the situation as it existed before the March 6 hearing: with both sides preparing to argue the motion for a preliminary injunction. Plaintiffs cannot claim that they will be irreparably harmed by having to demonstrate that they are entitled to the extraordinary relief they sought. Indeed, Plaintiffs have stated that they "stand ready to litigate their claims now," Pls.' Supp. Br. at 13, ECF No. 62 (July 14, 2023), and "invite[d] this Court to resolve their preliminary-injunction motion now," ECF No. 64 at 10. They accordingly cannot establish a "critical" factor justifying the continuance of the stay. *Nken*, 556 U.S. at 434.

Second, in contrast to Plaintiffs, Defendants will be harmed if they are effectively enjoined without having their arguments against the injunction considered and without having an opportunity to appeal. An injunction "is an extraordinary remedy never awarded as of right" and one where a plaintiff bears the burden of establishing that such a remedy is justified. *Winter*, 555 U.S. at 24. However, if the stay of this litigation remains in place and Plaintiffs are never required to establish that an injunction is appropriate, the ordinary standard would be inverted. Defendants will be prevented from carrying out the responsibilities that Congress placed upon them, creating irreparable harm, *see, e.g.*, *E.T. v. Paxton*, 19 F.4th 760, 770 (5th Cir. 2021); *Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2017), without the process ordinarily afforded litigants.

7

Third, Plaintiffs cannot "make a strong showing that [they are] likely to succeed on the merits," *Nken*, 556 U.S. at 434, let alone to such an extent that would justify departing from ordinary practice here. As Defendants have previously shown, *see* ECF Nos. 37, 63, 65, none of the claims raised in the motion support enjoining Defendants. Specifically, Congress stripped the district courts of jurisdiction over jury-trial and nondelegation claims like Plaintiffs', *see* ECF No. 37 at 19-28; ECF No. 63 at 5-7; ECF No. 65 at 2-5, and those claims are not ripe at this point, *see* ECF No. 37 at 10-14; ECF No. 63 at 8-9; ECF No. 65 at 5-6. Plaintiffs' Appointments Clause claim fails because FERC has ratified the appointments of the administrative law judges, assigned a new ALJ to Plaintiffs' administrative proceedings, and will afford Plaintiffs an opportunity to seek reconsideration of prior decisions. *See* ECF No. 37 at 14; ECF No. 63 at 9-12; ECF No. 65 at 6-7. Their removal-power claim fails because they have never shown, or even alleged, that any tenure protection has caused or will cause them harm. ECF No. 37 at 14; ECF No. 63 at 12-13; ECF No. 65 at 7. Finally, Plaintiffs have not shown they will suffer irreparable harm due to the supposedly wrongful conduct identified in these four claims absent an injunction. *See* ECF No. 37 at 15-19; ECF No. 63 at 13-14; ECF No. 65 at 4 n.1, 6-7.[1]

More fundamentally, that the merits inquiry in this posture mirrors the same inquiry in the preliminary-injunction context highlights how irregular Plaintiffs' position is: by contending that the Court should resolve these questions as part of stay proceedings, rather than a decision on their motion for a preliminary injunction, it

---

[1] Rather than recite these arguments again in full, Defendants incorporate them to the extent necessary. Defendants do not object to Plaintiffs doing the same.

8

appears that Plaintiffs seek either to avoid their burden of establishing that an injunction is proper or to frustrate Defendants' right to appeal an adverse decision. Both are inappropriate and should be avoided by following ordinary procedure.

Finally, Plaintiffs' claims of judicial economy are overstated and insufficient to justify a continuation of the stay in this Court. *See* ECF No. 62 at 11-14; ECF No. 64 at 10. The Supreme Court granted certiorari in *SEC v. Jarkesy*, 2023 WL 4278448 (June 30, 2023), to review the Fifth Circuit's decision that the SEC's administrative enforcement proceedings violated the petitioner's jury-trial rights and the non-delegation doctrine and that SEC tenure protections violated the removal power. *See generally Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022). Defendants do not dispute that the Fifth Circuit's decision under review is Plaintiffs' leading case, but as previously explained, even if the Fifth Circuit's decision were affirmed in full, a preliminary injunction should not issue here. *See* ECF No. 63 at 14-15; ECF No. 65 at 7-8. Defendants' jurisdictional and justiciability arguments are antecedent to any merits determination; the irreparable harm arguments are not implicated in a petition for review (*Jarkesy*'s procedural posture); and the Supreme Court has already addressed the merits issues raised in the preliminary-injunction briefing,[2]

---

[2] The Supreme Court has agreed to review whether the SEC tenure protections violate the removal power. Even if the Fifth Circuit is affirmed on that point and that decision applies equally to FERC, that would not justify a preliminary injunction here because Plaintiffs have not shown they are entitled to any remedy. *See Cmty. Fin. Servs. Ass'n, Ltd. v. CFPB*, 51 F.4th 616, 632 (5th Cir. 2022). The Supreme Court specifically declined to review the court of appeals' removal-power holding in that case, *see* ECF No. 63 at 13 n.3 (citing *CFPB v. Cmty. Fin. Servs. Ass'n of Am.*, 143 S. Ct. 981 (2023)), and even in *Jarkesy*, the Fifth Circuit declined to address "whether vacating [the SEC's judgment] would be appropriate" based on the removal-power violation, 34 F.4th at 466.

such that there is little risk of wasting resources by accepting Plaintiffs' "invit[ation] … to resolve their preliminary-injunction motion now." ECF No. 64 at 10.

In short, none of the *Nken* stay factors support Plaintiffs' position that the Court should wait months to decide their motion for a preliminary injunction while administrative proceedings have been—and would be—paused going forward. The stay should be lifted.

## CONCLUSION

For the foregoing reasons, the stay of this litigation should be dissolved for the Court's prompt consideration of Plaintiffs' Motion for Preliminary Injunction.

Dated: August 18, 2023

ALAMDAR HAMDANI
United States Attorney

Jimmy A. Rodriguez
Assistant United States Attorney
Southern District of Texas
Texas Bar No. 24037378
Federal ID No. 572175
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9532
Fax: (713) 718-3303
jimmy.rodriguez2@usdoj.gov

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director

/s/ *Christopher A. Eiswerth*
Christopher A. Eiswerth (D.C. Bar #1029490)
Attorney in Charge / Admitted Pro Hac Vice
Cassandra Snyder (D.C. Bar #1671667)
Admitted Pro Hac Vice
Trial Attorneys
U.S. Department of Justice
Federal Programs Branch, Civil Division
1100 L St., N.W.
Washington, D.C. 20005
Tel: (202) 305-0568 / Fax: (202) 616-8460
christopher.a.eiswerth@usdoj.gov
cassandra.m.snyder@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF WORD COUNT

This motion complies with the Court procedures because it contains 2,646 words, fewer than the 5,000 words permitted. *See* Court Procedures § 16(c).

Dated: August 18, 2023    Respectfully submitted,

/s/Christopher A. Eiswerth
Christopher A. Eiswerth
Trial Attorney

## CERTIFICATE OF CONFERENCE

The parties were able to agree upon the scope of this motion and an appropriate briefing schedule, but they do not agree on whether the Court should lift the stay in this litigation.

Dated: August 18, 2023    Respectfully submitted,

/s/Christopher A. Eiswerth
Christopher A. Eiswerth
Trial Attorney